06-1432 Municep v. Fulbright v. Jaworski 07-1035 Air Measurement v. Akin Gump The panel has determined, and this will of course be news to all of you, to hear argument first in the air measurement case. And then we'll have the full argument in Municep thereafter. Mr. Rosencrantz, good afternoon to you. Good afternoon to you, too. Proceed. May it please the court. The jurisdictional issue in this case presents this court with a very stark choice. Must all state law patent malpractice cases be brought into federal court, or should they remain in state court, which is where they've been for decades? Why don't we just decide this case rather than the court would legislate broadly as you've just stated the issue? Your Honor, we're not asking you to legislate broadly. I'm making a point for two reasons. That if this case belongs in federal court, then all patent malpractice cases belong in federal court. As I said, there are two reasons for that. First, as plaintiffs concede in this case, we have a fact-bound issue presenting no novel issues, not even issues as plaintiffs and the district court acknowledge are generally applicable to patent cases more broadly. What about if instead of looking kind of mechanically at the label of the issues, we discern from Grebel that the difficulty of the issue for a state judge versus a federal judge might be an issue? So that a malpractice case originating in state court and removed to federal court that has, let's say, an infringement issue in it, but one that's very simple and straightforward, perhaps then you'd say, well, that should be tried in state court. So you'd remand it back. And if, by contrast, the infringement or validity or forcibility or other issues were extremely difficult and close and complicated and subtle, such that a state judge, one could surmise, might have a much harder time than a federal judge. Is that not a permissible reading of Grebel? Yes, Your Honor. It absolutely is a permissible reading of Grebel. Grebel talks about treating the substantiality, at least, of the issues within the context of the case. Well, if we did that, wouldn't that end the problem where you just said if you take any case of patent malpractice, you have to take every case? No, Your Honor. I did not say if you take any case, you have to take every case. I said if you take this case, you have to take every case. Because this is a case in which the issues that are presented, everyone agrees, are completely back-bound applications. But maybe fact-bound isn't the only way to measure it. If you measure it by difficulty or complexity or subtlety or factors of that sort, then maybe this case, although fact-bound, although not novel, although not applicable to lots of other cases, might nevertheless be a case that one would surmise would be better tried in federal court with some patent experience rather than in state court with little or nothing. Your Honor, I believe that is a plausible way to read Grebel. It's a plausible way to decide cases. The only cautionary note there is that this determination has to be conducted ex-sandi on the basis only of the complaint without being sure exactly how complex the issues will turn out to be. In the last couple of weeks, I looked. This circuit has reversed the district courts on questions of on-sale bar. You can say it's quite routine to apply the facts to the law, but it appears to be that in the area of on-sale bars, it's very counterintuitive. Doesn't that suggest that we may be closer to Grebel than to Empire? No, Your Honor. I would suggest that this case is much closer to Empire because Empire asks the question, how fact-bound is it? How novel? How applicable to other cases? And it does that precisely because of the role of the federal courts and the role of this court in particular, which is about vis-a-vis the state courts, which is about making sure that everyone understands and knows what federal law is, not about making sure that any particular result in any particular case will be decided by this court, which is, of course, why the circuit worked. But in an area as complex as an on-sale bar, further compounded by the complexity of inequitable conduct and intent findings and so forth, is there an element of Grebel-ness? I would argue not, Your Honor, again, because you can't decide that without going beyond the complaint. And you can't tell from any particular complaint just how complex the issue will end up being. One way in which we can confirm what Congress's intent was is by looking back at what the Supreme Court said Congress intended when it comes to, for example, counterclaims, which could be enormously complicated and goes right to the heart of what the patent laws are about, yet they are tried in state courts, not in federal court. Yes, but that's the well-plated complaint issue. That's different. Well, Your Honor, it's different only in that that is an application of what Congress intended, but it does indicate that Congress is perfectly comfortable with state courts applying this court's precedent when they're called upon to do so. Counsel, would you say that every state in a patent malpractice context would require a trial within a trial? I would say, Your Honor, virtually every state, every state that I am aware of. What Texas law does here, you will see in all the patent, in all the malpractice treatises. And I was, let me just circle back now to the question that was being asked about Grebel, and particularly the element that Grebel added to the analysis, which is this possible veto based upon federalism concerns. And what I was saying earlier is, if this court entertains this malpractice case because there's nothing special about it, it will entertain all patent malpractice cases. But you can extend it even further because federal courts will start seeing a flood of malpractice cases when the underlying litigation was federal in nature across the country and across subject areas. Well, there are already a number of cases, I think including at the Supreme Court, that say plainly that the existence of a federal issue is not a basis for federal jurisdiction. Yes, Your Honor. But that law would continue to be in place. So I don't think it's fair for you to say, accurate for you to say, that now, in addition to patent malpractice cases, absent a reversal in the present appeal, there would be malpractice cases of every type in which somebody could conjure up some federal statutory issue or other. Well, Your Honor, here's why I say that. Positing, as I did just a moment ago, that every malpractice case practically will present a case within a case. And when the malpractice claim is, this immigration lawyer messed up an issue of federal law, this criminal defense lawyer in a federal prosecution messed up an issue of federal law, this lawyer overseeing giving me regulatory advice about the SEC, about environmental law, about energy law, messed up an issue of federal law. All of those, by plaintiff's analysis in this case, would be brought in federal court. And in many of those cases, as is true in this case, not only could they be brought in federal court, by plaintiff's analysis, they would all have to be brought in federal court. Well, I'm not very concerned, myself, about plaintiff's analysis. I'm interested in Judge Ferguson's analysis. The question I have to answer is, did Judge Ferguson reversibly err? And to answer that, I have to look at what were his reasons. Yes, Your Honor. How did he explain himself? I frankly don't care very much about what the plaintiffs say or don't say or you interpret them as saying. I understand, Your Honor. Where is the reversible error in Judge Ferguson's two opinions? Your Honor, there are three reversible errors. The first one is that Judge Ferguson got wrong the federal-state balance, as I was just describing, because these sorts of cases, malpractice cases, belong in state court. State law issues predominate in these cases. That's easy to say, but it's not necessarily true. I can imagine a patent malpractice case where, on the surface, the issues would be malpractice, causation, damage due, and all that, but where every underlying issue would be a question of patent law. And there might be dozens of them. Right. Of course, Your Honor, again, this court would have to decide that question ex ante, just looking at the complaint. But one need look no further than the next case that's about to be argued for the sort of flood that this court would be inviting if it adopted Judge Ferguson's analysis. But Your Honor, I'm not going to decide the next case. No, but my point is that case asks this court to decide issues that are purely issues of state law, statutes of limitations and damages, and that's not unique. A case like this does revolve, as Your Honor indicated, around questions of burdens of proof, which are presented here for this court to decide. But you were maintaining that these sorts of cases would primarily involve state law issues, and I'm just questioning whether that's true, whether it's true in all cases, whether it's true in this case. You apparently didn't think it was even true in this case, because you removed it to federal court, didn't you? We removed it to federal court in the first instance, and that was before it was clear and plaintiffs made abundantly clear that they had an alternative theory which had nothing to do with proving infringement of validity, which answered Chief Judge Mitchell's earlier question, is the second mistake that Judge Mitchell made. But the parties here completely switched positions, haven't they? Yes, Your Honor, they did, and part of the reason was the intervening jurisprudence of the Supreme Court, which both tightened up the substantiality analysis and added this fourth prong, which is the federalism, what the Supreme Court called a potential veto, which neither this court nor any of the other courts of appeals were considering quite those terms in the past. You were on the other two Ferguson mistakes, Judge Ferguson reversible errors. Yes, Your Honor. So the first one is getting the state-federal balance incorrect. The second one is misunderstanding that this is not a case, not realizing that this is not a case in which a patent law issue is necessarily implicated. But those both sound like legal errors. Can you point to some text in his rulings that shows him misstating the correct law? Oh, no, Your Honor. Judge Ferguson correctly stated what Rabin says, but incorrectly applied what Rabin means to the facts of this case. How can a malpractice question be decided without getting into the on-sale bar and the duty of disclosure? I think, Your Honor, that gets to the necessarily depends question. I see my time is up, so if I may answer just very briefly. You don't reserve the rebuttal time you sought to reserve on MDS. So don't worry about the clock. Yes, Your Honor. So the answer to the question is that the necessarily depends prong requires a demonstration that plaintiffs need to resolve, that a court needs to resolve a question of patent law. On plaintiffs' alternative theory, there is nothing that is a question of patent law that the court needs to resolve. The court does not have to answer the question, according to plaintiffs, was there an infringement or not? Were these defenses valid or not? Doesn't the court need to resolve whether there was an on-sale bar? Because if there was not an on-sale bar, there wasn't malpractice. Your Honor, I believe the court needs to resolve that. Plaintiffs' theory, and they are the masters of their own complaint, as articulated very clearly to the district court contemporaneously was, no, that is not an element of the case that we need to prove. And plaintiffs' complaint needs to be taken as plaintiffs themselves have described it. So plaintiffs' theory is that an argument is somewhat more likely to prevail than it otherwise would have been. That is not a question of patent law, or at least not a substantial one. Well, why do you say that? All the time, patent lawyers make predictions that if a case went to final judgment, would there be infringement or not? Would there be an enforceability bar or not? Would there be an invalidity proven or not? And we never know the actual answer because the issue never gets resolved by a court. So a predictive judgment is made by a patent lawyer based on all the information available to that lawyer. That still requires patent analysis. Yes, Your Honor. There's a patent backdrop to this case, as there is a federal backdrop to it. It's not just a backdrop. It's a kind of an odds-making, that the odds are 90% that I'd be able to prove infringement of my patent. It never gets resolved. We never know for sure. But competent patent lawyers, given enough information, could make a predictive judgment that the chances are 90% that I could prove infringement on my patent. Yes, Your Honor. And let me just seize upon both. That's what they're trying to do here. They're trying to say that the power of the invalidity problem would be so great that it would reduce their case down to a tiny fraction of what it otherwise would have been. In fact, that's exactly what happened, right? Isn't this the case that settled for $10 million when the initial estimate was $100 or $140 or something like that? Well, those are the allegations. And so their theory is that my case was so weakened by the prosecution errors that its settlement value, which would have been, at least they assert, $100 or more, actually is $10. Yes, Your Honor. And let me just answer my question. But it's a prediction of the odds that that would be established if there were a trial. And my answer to the question, Your Honor, harkens back to the way you began it, which was the courts never resolve the patent law question. Is there infringement? Or is there an on-sale court defense? Or is there an equitable and inequitable conduct defense? And the cases dating back scores of years are all about whether a court needs to resolve a patent law question, not about whether courts need to say that something is more likely than it would otherwise have been. Thank you, Your Honor. All right. Thank you, sir. Mr. Storm? May it please the Court? Our case does necessarily depend on a resolution of the patent law question. As one of you mentioned earlier, under Texas law, we have to prove it. On the merits of this. On the merits. You admit that if there's a statute of limitations problem or something like that, the case actually would be resolved purely on a matter of state law. Absolutely. If there's a statute of limitations question. On the merits, you're arguing that patent law questions would have to be answered. Yes. And what about Mr. Rosenkranz's observation? I'm going to re-characterize what he said. I'm sure he won't agree, but he'll have a chance to correct me. He seems to be saying that the Supreme Court, when it talked about resolving patent law issues, meant adjudicating in a pristine way infringement, yes or no. Validity, yes or no. Enforceability, yes or no. And that under your theory of diminished value, that those questions would never be answered. That all there would be is some sort of estimate. And he said that an estimate is one thing, an answer is something else, and the Supreme Court requires an actual adjudication of those patent issues. Absolutely. There's two things here. We have to look at what we have to prove to win the case. And we have to show that but for the malpractice, we would have prevailed on infringement, on damages under the patent statutes. And, of course, infringement involves constrained claims, and we would have prevailed against any validity defenses raised. That's in a non-malpractice world. So one of the questions that will have to be answered is were the accused infringers actually infringing? It's a resolution of an infringement question. That's only one piece of our case. The other piece of our case is we have to show that with the malpractice, we did not recover those amounts. And the difference between what the estimated value was and what was actually recovered was due to malpractice. In that context, he is more or less correctly stating our position. We have asserted that because of conduct by the lawyers that fell below the standard of care, an on sale of our defense was raised, which would not otherwise have existed at all. But are you saying raised and assertable? Had there been a trial? Or are you saying it would have won? We are not saying that it would have won. So his point of that resolution is— According to his definition of the word resolved, as used by the Supreme Court, that's not resolving the patent. According to his definition, which I think is not the right one for this case— Well, that's where you have to help him. Right, because what has to be resolved is whether the evidence allegedly created by the malpractice of the attorneys was sufficient to support a finding that the patent was invalid under the non-sale bar. But then under your theory, it seems to me like you're supporting what Mr. Rosenkranz just said, which is every case is going to invoke that sort of an analysis. Every case involving malpractice of a patent lawyer will then involve some question of how bad was the mistake, and that's patent law, federal court. Well, I don't think that's the case for a couple of reasons. Number one, the question was asked earlier whether the case within a case applies to all malpractice cases. We don't believe that it does. Under Texas law, it will apply to a case such as ours in which there was actually underlying litigation. And I don't know how you're going to rule on the other case here today, but in the Immunicept case, there was not underlying litigation. So as I understand Texas law, they do not have the case within the case issue. So they don't have to prove that, but for the malpractice, they would have won an infringement case. That's not an element in the Immunicept case. So that is a resolution of an issue here, which makes this one properly federal. There are other reasons why Immunicept could be federal court, but it's not the case within the case. So I think that would get us there. As far as resolving the patent law questions, it's in fact more intensive patent questions. So in other words, if I want to stay in federal court, I just make sure to sue somewhere else? Well, no, not necessarily. Make sure there's another underlying suit somewhere, and then I can say, meet me in federal court. Well, the underlying cases here were suits for patent infringement.  You can't just willingly bring a claim for no purpose. But if in fact you have a good faith belief that someone is infringing your patent, then you bring litigation. And in the course of that litigation, errors are discovered, which is what happened here. I think you should have evaded the force of Judge Rader's question. Okay, there may be some factual circumstances where there won't be an underlying litigation, and then the case within the case thing perhaps goes out the window. But certainly there will be a great many cases involving alleged malpractice, where the way that the error was discovered is that somebody lost at trial. And then they'll sue the earlier lawyer who allegedly bungled the prosecution of the patent that was lost at trial. So I think Judge Rader's point is very powerful. There are going to be a heck of a lot of these cases if we accept your position. There will certainly be more than there have been. Well, yeah, and there isn't a flood of attorney malpractice cases against patent attorneys in state court. Well, why do you say that? What's your basis for saying that? I'm admitting ignorance. I have no idea whether there are a lot of patent-related malpractice cases in the 50 states. There may be thousands. There may be none. I would have no way of knowing that.  What's your basis of saying that? We look for cases that would be pertinent to cite in our briefs and didn't find a large number on either the federal or state court side, where reported cases have talked about attorney malpractice in a patent attorney context. We have two right here today. Is that just a coincidence? I think it's a coincidence, if you're two or just one, to let you really investigate this question of how federal law, when federal questions have to be answered, as they do in our case, when is it appropriate that an attorney malpractice came together. I do not believe... Well, what if it's a more recent phenomenon for people to sue patent lawyers so that there aren't a lot of reported appellate decisions because the cases are all still pending or they've just finished the trial phase? If you could assure us that there are virtually no patent malpractice cases out there in the 50 states, that might be more impressive. But all you're saying is that treatises published, I think you would indicate, don't reveal very many patent-related malpractice cases. That's not so reassuring. Right. Well, the other legal principles here, we're going to control the courtroom door, if you will, the well-paid complaint rule. How does that help? Well, for example, in this case, there are counterclaims and defenses that are directly patent issues. We haven't argued that there's jurisdiction on that. Let's not waste time talking about counterclaims and defenses. We all know we're not allowed to look at that. Right. The question is how will one know, looking at a complaint in a typical patent-related malpractice case, whether it's going to turn primarily on patent issues or not or whether they're going to be difficult or easy or any other such factors. Well, you have to look to the state law in question. In this case, Texas, what are the elements of the claim of malpractice? It's going to be about the same in every state. It's going to require causation and so on. Right. And then you have to look at the facts, what is alleged, and do the equivalent. Well, every malpractice case against a patent attorney is going to have some question of patent law. Well, he made a mistake, she made a mistake, here it is, whether it's the scope of the claim or failure to report prior art or application of an on-sale bar, whatever it is, there's going to be some issue, isn't there? I don't think so. For example, if you have a situation where everyone, plaintiff and defendant, admits that the patent is invalid for the on-sale bar, there was an on-sale bar event more than a year past, then the patent application was filed. And the only question in the case is the plaintiff asserting malpractice says, I had a meeting with my lawyer and I told him what I did. And more than a year later they filed a patent application. And the lawyer says, no such meeting occurred. Then you have a dispute as to whether a communication happened, which does not turn on a resolution of patent law. Everybody agrees in that context. But wouldn't the malpractice claim, the disappointed patentee, in such a circumstance, have to prove infringement? Not necessarily. How can he prove that it was the malpractice that caused the bad result? If the bad result would have happened anyway because he couldn't prove infringement, then it seems like the error on Trump filing within the grace period isn't what caused the bad result. It would have happened in any event. Well, again, not to pick on him. And, of course, I'm going to make it even more complex. I'm going to say almost every on-sale or prior-use case quibbles over where the critical date is based on was it fully on-sale. And that's factual issues, but it's also patent law. What is public use? Yes. I think there are three questions here. Let me see if I can get them all answered. With respect to proving infringement, every case is not going to require proof of infringement. And, again, not to pick on my friends from UNICEF and Fulbright, their case doesn't allege infringement. They don't assert that the patent issue, it was infringed by somebody and that somebody got off scot-free because of mistakes by the lawyer. They assert that a business deal wasn't concluded by alleged malpractice. Well, what are your damages if you can't prove infringement? Well, we are proving infringement. I'm sticking with the chief judge's point here. You're going to have to prove infringement to prove damages in your case, right? No, I don't think so. Again, look at the UNICEF case. How are you proving causation in the context of your case if you can't prove infringement? In my case, we are proving infringement. You have to. We have to. And we have to prove damages based on infringement. That's this case. In the UNICEF case, they are not proving infringement. They're damage models. Stay away from that. Just stick with yours. Yes. So we must prove infringement. For this case, Air Measurement v. Aiken Gump and Matthews & Branson, we must prove infringement and we must prove patent damages in the but-for world and the non-malpractice world in order to recover. That's why we follow directly within Christensen that there's an element of our case, causation, as found by Judge Ferguson. We have to prove causation with a case within a case, and we have to prove damages using a patent statute. Those are substantial questions of patent law. My point was that they don't appear in every patent case, every potential malpractice case. That's where I'm having the trouble. It seems like if I push it far enough, I'm going to be able to find a patent law issue underlying every instance of attorney malpractice in the patent law world. And it's clear the definition of malpractice is you made a mistake of the law, and then we're going to fight about whether or not it was a mistake of the law, and that requires you to analyze the law. There frequently will be patent law issues in a malpractice case involving a patent attorney, but they won't always be necessary to resolve. Wasn't there a Markman hearing in this case, Bo Brady? Yes, there's been a Markman hearing. Decided? Yes. Should it look like a patent case? It looks like a patent case to me. I mean, I definitely believe this is a patent case, and I think it is very complex. It has complex questions of on-sale bar. We're disputing, the parties are disputing both whether the invention was ready for patenting at the appropriate date, whether the defense allows it to be done. But what about Fornado? Well, Fornado— I mean, the Supreme Court doesn't seem to be worried in the slightest, because I read Fornado, for courts that don't normally handle patent issues to be handling patent issues regardless of how difficult or subtle or complex or important they are. I think that's basically correct, that if the patent issue appears only as a defense or only as a counterclaim, that's not a basis for jurisdiction. And for that reason, some malpractice cases won't be here. They simply—you have to look at the facts of each case. And if there's an alternative theory for recovery under Christian sentence, we won't be here if the face of the complaint doesn't show that the factual dispute behind the elements— obviously, the elements of a malpractice case are pretty common across the states. You know, one of the problems with the idea that reviewing the complaint will be so revealing is that under notice pleading, sometimes the complaint doesn't say a heck of a lot. Right, and that's why we cited the Bureau of Products case to say it is appropriate to look past the face of the complaint. I think you have to look to the complaint to determine— Where do we stop? Well, I think— If you look past the complaint, can we look at everything Judge Ferguson did up to the day of his last ruling, the Markman hearing, and whatever else happened moving forward on these patent issues? No, I don't think so. I think you— Where do we stop? You stop when you have determined what are the factual disputes underlying the claim asserted in the complaint. So you look at the complaint. What is asserted here? It's attorney malpractice. What are the elements of that? We know what they are. What are the factual disputes in this case that will resolve this claim of attorney malpractice? We don't have an answer yet. Well, sure we do. We have to prove infringement and damages in the but-for world or we won't prevail. And in the malpractice world, there are very complicated questions of on-sale bar, claim scope, and— But I mean, if we're only allowed to look at the complaint, it's as if the answer was never filed. So there's a lot we don't know about what's actually going to have to be proven at the trial because we don't yet have the position of the accused infringer because the answer is something we're not allowed to look at. Right. Well, one way to answer it here is if you just look at the petition that we filed, we make it clear that we brought infringement litigation and that we were going to prove infringement and get patent quality damages. And we were prevented from doing that, allegedly, by the malpractice. So the face of the petition alone here establishes that we're going to have to prove infringement and damages. And that's not going to be the case. But you're making it pretty easy for me to get every malpractice case into federal court then, aren't you? Because then on the face of my complaint, all I have to do is say there was a mistake with patent law and it cost me. And you're going to have to resolve issues of patent law, therefore, federal court. Well, I see I'm out of my time. Let me answer the question. Yes. Yes. Well, I'm happy to answer it. I just want to note that I recognize that I'm out of time. That's why I believe that it's appropriate to look past the face of the complaint. If a well-plated complaint rule doesn't say, take a piece of paper, call the complaint, you consider absolutely nothing else. Are the parameters of what else you look at crystal clear? No, they're not crystal clear. But that's why you have to be able to look past it so that you can both avoid pleadings designed to stay in federal court that shouldn't be here and pleadings designed to stay in state court that shouldn't stay in state court. And we think this one handily should stay here that Judge Ferguson got it right. Thank you. Thank you, Judge. Thank you, Your Honor. Just a few very brief points. First, plaintiffs now say that they will have to prove infringement. That is not how they fashioned their complaint, and that that is not what they told the court at the very first instance. Their theory was, their theory was, and I'm quoting from page 123 of the joint appendix, this was the whole point of their diminished settlement value theory. Plaintiffs were the ones who insisted, and I quote, that they had alternative theories of malpractice which do not rely on patent law as an essential element. They were the ones who insisted right at the outset of the case that it is not, and I quote again from page 153 of the joint appendix, quote, necessary for the trier of fact to determine actual infringement as an element of the case. That was their theory coming in. That's how they fashioned their complaint. And we can't retrofit jurisdiction now because they're up on appeal and they decide that they want to reframe their complaint. Secondly, the well-pleaded... What does that mean? That the first explanation of theory counts, but if they later change it, we're not allowed to look at the second new theory? You both changed your positions. No, no, no, Your Honor. I'm talking about how the plaintiffs described their own complaint. Right. Not, not about... But what happens if they later describe it in a different way? Which description do we look at? Well, Your Honor, you look at, in the first instance, at the complaint, which is very carefully worded to avoid any statement that they have to prove infringement, and then at their contemporaneous statement, we have an alternative theory. Now, they can decide we're not going to use the alternative theory, but they said we have an alternative theory, which under Christiansen is all the court needs to look at to conclude, yes, there's an alternative theory. We believe it's actually an incorrect theory. We defend this. But that's the theory that they went forward with, and you judge jurisdiction based upon the theory asserted, not based upon some later determination that that theory is no longer advantageous, so they're going to abandon it. But wouldn't you agree that any theory voiced at any time would have to fit with the complaint that was originally filed? Yes, Your Honor, and their alternative theory certainly fits with the complaint. The complaint is very careful, as I said, and this is on page 63, I believe, of the Joint Appendix, very careful to avoid ever saying we need to prove infringement and very, very careful to avoid ever saying that we need to prove that the patents were invalidated by the malpractice, a position that plaintiffs continue to maintain. But why can't the federal court look beyond that and say, there's no way I would resolve these issues without deciding there's infringement, without deciding underlying issues of patent law of great significance, patent scope, intent? Okay, now I'm talking just now about the alternative theory and why a court cannot say, I believe those theories are false. And the answer to that question, Your Honor, is, as I said earlier, plaintiffs are the masters of their own complaint. Plaintiffs all the time present theories to push the law in a particular direction to preserve it for appeal so that an appellate court then adopts that revised statement of Texas law. And that is what we mean when we say that they're the masters of their own complaint. They get to plead theories that even we believe or the court believes, as the district court in this case did, are invalid. But if they plead in the complaint, of course. But if they plead X, Y, Z in the complaint and then they later voice an argument to the judge, some kind of theory, it can't be that courts are bound by whatever they say orally later. I completely agree with you, Your Honor. And let me just emphasize what we're talking about here. I'm talking about reading the complaint on page 63 and the omission of any reference to infringement, the need to prove that, or the need to prove defenses. And then the contemporaneous statement. Here, Your Honor, is what our complaint says. It was on the motion to remand that they described their own complaint. That is an alternative theory. It doesn't become not an alternative theory just because on appeal they abandoned it, especially when they reiterated that point over and over again. Judge Rader must be correct that somebody who wants to stay in federal court in the future, in a patent malpractice context involving an underlying litigation, will say, write in this complaint, I'm going to have to prove infringement. You're right, Your Honor. It's subject to manipulation, which is not a very appealing prospect. I completely agree, Your Honor, which is why our argument is malpractice cases belong in state court that ought to be as close to a categorical rule as one can articulate. And then perhaps there is the exceptional case where there's only a single issue. It's a novel issue of patent law. Everyone concedes everything else, and maybe that's a case that belongs in federal court. All right. Thank you, sir. Thank you, Your Honor. Thank you both for taking the time to reply to me.